UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PATRICK FINN; LIGHTHOUSE )
MANAGEMENT GROUP, INC., as )
Receiver for First United )
Funding LLC and Corey N. )
Johnston, )
 )
      Plaintiffs )
 )
    v. ) CIVIL NO. 2:11 cv 159
 )
CENTIER BANK; PEOPLES BANK SB, )
 )
      Defendants )

## OPINION AND ORDER

This matter is before the court on the Motion to Stay Proceedings [DE 19] filed by the plaintiffs, Patrick Finn and Lighthouse Management Group, Inc., as Receiver for First United Funding, LLC, and Corey N. Johnston, on June 9, 2011. For the following reasons, the motion is **DENIED**.

## Background

First United Funding, LLC, acted as a loan servicer between the defendants, Centier and Peoples Banks, and certain customers. First Funding issued loans to customers, and the banks signed participation agreements. In 2002, it was discovered that Corey N. Johnston, the owner of First Funding, was operating a ponzi scheme through First Funding. Under the scheme, First Funding oversold loan participations or sold participations in counter-

feit loans to banks and used the funds obtained from the participants to pay back other participants. As a result of Johnston's fraudulent activities, a Minnesota court appointed a receiver to control First Funding and ordered the receiver to maximize recovery for the victims of Johnston's ponzi scheme.

On April 27, 2011, the receiver filed a lawsuit against Centier Bank, Peoples Bank, and 33 other defendants in a Minnesota court. The complaint alleges that the defendants violated the Minnesota Fraudulent Transfers Act and seeks to recover profits transferred by Johnston or First Funding in excess of the amounts transferred to Johnston or First Funding that the defendants received in connection with the ponzi scheme.

On May 3, 2011, the receiver filed a complaint with this court raising the same claims against Centier and Peoples Bank as he asserted in the Minnesota action. The complaint explains that the matter was filed to avoid statute of limitations problems should the Minnesota court determine it lacks personal jurisdiction over Centier and Peoples Bank.

Peoples Bank filed a motion to dismiss for lack of personal jurisdiction with the Minnesota court, and Centier Bank asserted lack of personal jurisdiction as a defense in its answer. Neither Centier Bank nor Peoples Bank conducted business in Minnesota or have employees, offices, or branches in Minnesota.

Peoples Bank's motion to dismiss is scheduled for a hearing on August 8, 2011.

The receiver contacted the defendants to obtain their consent to stay the present matter pending ruling on the motion to dismiss for lack of personal jurisdiction in the Minnesota case. Centier objected, and Peoples Bank never responded. Peoples Bank subsequently filed a motion for partial summary judgment in this cause of action. The receiver proceeded to file a motion to stay these proceedings for 120 days. The receiver indicates that he will voluntarily dismiss this action if the Minnesota court determines that it has jurisdiction, and for this reason it is in the interest of everyone involved to stay this matter pending a decision by the Minnesota court. The defendants responded that abstention is inappropriate under the circumstances and that the Northern District of Indiana is the appropriate forum.

## Discussion

The parties dispute whether the receiver's motion should be regarded as a motion to stay or a motion to abstain. A stay is a "postponement or halting of a proceeding, judgment, or the like." *Black's Law Dictionary* 1548 (9th ed. 2009). A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. ***Landis v. North American Co.***, 299

U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006). "To order a stay of proceedings, it must be clear that the interests of justice require it, that adjudication of the claim would be a waste of judicial effort and that the plaintiff will not be substantially harmed by the delay." *Hess v. Gray*, 85 F.R.D. 15, 27 (N.D. Ill. 1979). See also *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009).

Similarly, "[t]he term 'abstention' refers to a series of doctrines by which a federal court may decline to exercise equitable jurisdiction over matters within its statutory subject matter jurisdiction" and defers to the concurrent jurisdiction of the state court. *Wilbur v. KeyBank National Assoc.*, 962 F.Supp. 1122, 1134 (N.D. Ind. 1997) (*quoting* *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996)). Federal courts have an unflagging obligation to exercise the jurisdiction granted by Congress and may abstain only under exceptional circumstances. *Colorado*

*River v. United States*, 424 U.S. 800, 813-818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1307 (7th Cir. 1988); *Wilbur*, 962 F.Supp. at 1134. The courts have recognized a series of exceptional circumstances where the federal court either may dismiss or stay a case pending resolution of a parallel case in the state court proceeding. The Seventh Circuit interprets the "parallel suit" requirement to mean not identical, but substantially the same parties and issues between the federal and state cases. *See Sta-Rite Industries, Inc. v. Allstate Insurance Co.*, 96 F.3d 281, 287 (7th Cir. 1996) (implicitly treating two suits involving the same plaintiff and issue, one in federal and one in state court, as parallel though against different defendants); *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995) ("Whether the parties to the two actions are identical" is just one factor in determining the relevancy of a pending state action). *See Pence v. Lightning Rod Mutual Insurance Co.*, 203 F.Supp.2d 1025, 1027 (S.D. Ind. 2002) (granting a stay when all the issues before the federal court were present in other state court proceedings except the plaintiff's claim for damages, which was dependent for its resolution upon the related state court claims). *See also The Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 392-394 (5th Cir.

2003) (collecting cases in which federal appellate courts have upheld the district court's discretion to dismiss a declaratory action when no parallel state action has been filed).

The circumstances under which abstention pending resolution of a parallel state case is appropriate include: (1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law"; (2) cases presenting difficult questions of state law; and (3) cases where federal jurisdiction was invoked to restrain state criminal proceedings, unless there is evidence of bad faith, harassment, or there is evidence that the state prosecution is proceeding under an invalid statute. *Colo-rado River*, 424 U.S. at 814-817, 96 S.Ct. at 1244-1246. When the parallel proceedings do not fall within any of these distinct categories, the court also may abstain based on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246.

The pendency of a similar state court matter is not an absolute bar on jurisdiction, and the court must weigh the appropriateness of declining jurisdiction against the risk of inconsistent judgments and piecemeal litigation. *Colorado River*,

424 U.S. at 817, 96 S.Ct. at 1247. The Seventh Circuit has identified ten factors the court must consider when determining whether exceptional circumstances exist to justify abstention, including:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.
>
> *LaDuke v. Burlington Northern Railroad Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989)

The court also must consider any special factors that apply to the specific case. *LaDuke*, 879 F.2d at 1559.

The weight assigned to each factor varies with respect to the factual background of every case. The court must not use these factors as a mechanical checklist, rather, "the foregoing factors are 'to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *LaDuke*, 879 F.2d at 1559 (*citing* *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1982). "Before deciding not to exercise its jurisdiction over an action

7

that is being concurrently litigated in state court, the district court must reach a 'carefully considered judgment[,] taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *LaDuke*, 879 F.2d at 1559 (*citing Colorado River*, 424 U.S. at 818-19, 96 S.Ct. at 1247). The decision to exercise jurisdiction is left to the discretion of the trial court. *LaDuke*, 879 F.2d at 1559.

Here, the more appropriate analysis is to evaluate the receiver's motion as a motion to stay. The abstention doctrine applies when a federal court agrees to surrender jurisdiction of a parallel proceeding to a state court for resolution. The receiver has not requested a stay pending resolution of the matter with the state court, rather he requested a stay for a definite period of time — 120 days. Granted, the Minnesota court may determine it lacks jurisdiction and the state proceedings will be resolved in their entirety within the 120 days, but that court also may find that it holds jurisdiction concurrently with this court. If the Minnesota court so finds, this court would not automatically be deprived of its jurisdiction. Rather, the stay would end after 120 days, and the parties then could determine which is the appropriate forum. At that time, the court more appropriately would evaluate the receiver's motion to

dismiss in light of the *Colorado River* factors because the court then would be asked to relinquish jurisdiction in favor of the Minnesota court.

This is not to say that the receiver's motion to stay is appropriate under the circumstances. The receiver still must demonstrate that it is in the interest of justice and judicial economy to grant the stay. The receiver explained that he will voluntarily dismiss this matter if the Minnesota court determines it has jurisdiction over Centier and Peoples Banks, and thus the stay is appropriate to prevent the court from expending resources that may prove unnecessary should he voluntarily dismiss this case. However, the receiver is not automatically entitled to dismiss this case should the Minnesota court exercise jurisdiction. Federal Rule of Civil Procedure 41(a)(1)(A) provides that the plaintiff may voluntarily dismiss an action without court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment or upon a stipulation by all parties who have appeared. Otherwise, the action may be dismissed only upon court order. Centier and Peoples Banks have filed their respective answers, and given Centier and Peoples Banks' adamant refusal to agree to stay the matter, it is unlikely that the receiver can secure a stipulation. Therefore,

the receiver would be forced to move to dismiss this action and obtain a court order.

Under the scenario most favorable to the receiver, the Minnesota court would determine it has jurisdiction, and this court would maintain concurrent jurisdiction. Therefore, to succeed in dismissing this case, the receiver would be required to show that dismissal is appropriate in light of the *Colorado River* factors. *See Colorado River*, 424 U.S. at 814-817, 96 S.Ct. at 1244-1246 (explaining the analysis to evaluate a motion requesting the federal court to abstain from exercising jurisdiction in favor of state court jurisdiction). However, the receiver has not demonstrated that dismissal is likely under the circumstances. Both cases were filed within days of each other, and the federal and state forums have interchangeable conveniences for the parties. The threat of piecemeal litigation, although commonly a factor given great weight under similar circumstances, is yet abstract. Minnesota first must resolve jurisdiction before it may proceed. It is clear that this court has personal jurisdiction over Centier and Peoples Bank, and while the question of jurisdiction is being resolved by the Minnesota court, this court may decide the case on the merits. This is particularly true because Peoples Bank already has filed its motion for summary judgment, and the defendants have threat-

ened to appeal if the Minnesota court determines it has jurisdiction. Because this court will continue to exercise its jurisdiction irrespective of the Minnesota court's decision and this matter is procedurally more advanced than the Minnesota action, it is unclear what would be accomplished by granting the stay at this time.

_____

Based on the foregoing reasons, the Motion to Stay Proceedings [DE 19] filed by the plaintiffs, Patrick Finn and Lighthouse Management Group, Inc., as Receiver for First United Funding, LLC, and Corey N. Johnston, on June 9, 2011, is **DENIED.**

ENTERED this 15th day of July, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge